# CHARLESTON

CROCKETT, ADMR., v. KEYSTONE COAL & COKE CO.

Submitted November 11, 1914.   Decided January 12, 1915.

MASTER AND SERVANT—*Safe Place to Work—Mine Operator—Duty—*
   *Foreman.*

   The maintenance of the car tracks in a mine is not by the statute,
   Code 1913, ch. 15II, cast on the mine foreman, and the owner or
   operator is not relieved of the common-law duty to use reasonable
   care to keep them safe.

Error to Circuit Court, McDowell County.

   Action by J. M. Crockett, administrator, etc., against the
Keystone Coal & Coke Company.   Judgment for plaintiff, and
defendant brings error.

   *Reversed and remanded for new trial on limited issue.*

   *Anderson, Strother & Hughes* and *Strother, Taylor &
Taylor,* for plaintiff in error.

   *Stokes & Sale* and *Lawson Worrell,* for defendant in error.

ROBINSON, JUDGE:

   The action is one for damages arising from death by wrong-
ful act.   From the judgment in favor of plaintiff, defendant
brings error.

   Plaintiff's decedent, a motorman, was killed by the derail-
ment of the motor he was driving in defendant's mines, in the
course of his usual employment therein.   It is charged, and
the jury have so found, that the injury complained of was
caused by the negligence of defendant in failing to use reason-
able care to provide a safe track.   The evidence in this par-
ticular warrants the finding which the jury made thereon.
Whether the motor was thrown from the rails by a defective
track for which defendant was negligently responsible, as
plaintiff insists, or by a chain coupling, dragging from the
front end of the motor, for which others were responsible,
was a jury question upon the facts and circumstances proved.

The main point made by defendant against the judgment is that the statute acquits it of duty to use reasonable care in the maintenance of the tracks in the mine, and casts that duty on the mine foreman. Defendant submits that the evidence shows that it had employed a competent mine foreman, and that if he failed to keep the tracks in safe repair, the negligence was that of a fellow servant, under well known decisions of this court. But all that is settled and controlled by *Jaggie* v. *Davis Collieries Co.,* 75 W. Va. ——, decided at this term. Therein we held: ''It is the duty of a mine operator to maintain his motor and motor tracks in a reasonably safe and suitable condition for the safety of his servants employed to operate the same. Sec. 24, Ch. 15H, Code, 1913, does not impose upon the mine foreman the duty to see that either the motor or tracks in the mine are properly maintained and, consequently, the master is not relieved from his common law duty in respect thereto.''

Complaint is made of the trial court's ruling on interrogatories and instructions to the jury, but we find no error in these particulars.

There is but one error in the case—the overruling of the demurrer to the declaration. That pleading omitted an averment of the appointment and qualification of the plaintiff as administrator. Because of this error, the judgment must be reversed and the action remanded with the verdict standing contingent upon amendment and the separate trial of any issue made on the supplied averment, pursuant to principles and directions laid down in *Moss* v. *Campbell's Creek Railroad Co.,* 75 W. Va. 62.

*Reversed and remanded for new trial on limited issue.*